IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD TOBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 3962 |
| | ) | |
| BRENDA L. CHIBUCOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part, and the remaining state law claims are dismissed without prejudice.

## BACKGROUND

In December 2010, Plaintiff Edward Tobey (Tobey) pled guilty to child pornography charges in Florida state court. Tobey was sentenced to four years of sex offender probation and eight months imprisonment. In 2011, Tobey pled guilty to other charges in Florida relating to possession of other child pornography at his Florida home. Tobey was given a sentence of eight months imprisonment, with four months considered served, and was placed on sex offender probation until 2032.

1

After release from prison, Tobey returned to Illinois and in January 2012, he pled guilty to charges relating to other child pornography at his Illinois home. Tobey was sentenced to two and a half years probation. Tobey filed an application pursuant to an Interstate Compact Agreement (IC Agreement) to have his Florida probationary monitoring transferred to Illinois and such application was granted.

Defendant Brenda L. Chibucos (Chibucos) became Tobey's probation officer. In early 2013, Chibucos allegedly began asking Tobey to sign a behavioral agreement (Behavioral Agreement). Tobey contends that he did not want to sign the Behavioral Agreement, because among other things, it required him to acknowledge that he had repeatedly failed the sexual history polygraph relating to minor children. (Compl. Par. 36). Tobey allegedly indicated that he would not sign the Behavioral Agreement until he had spoken with his legal counsel.

In March 2013, Tobey was allegedly discovered accessing the internet on a cell phone in violation of the terms of his probation. Tobey was allegedly ordered to remove the cell phone internet service and failed to do so. Chibucos then filed a memorandum in Tobey's Illinois criminal case indicating that Tobey's sex offender treatment had been suspended as a result of his failure to cooperate with treatment. Chibucos also allegedly requested that a petition to revoke (PTR) Tobey's probation be filed by the Lake County State's Attorney's Office based on Tobey's use of the internet and his discharge from sex offender treatment. A PTR was allegedly filed by Defendant Assistant Lake County State's Attorney Mary Stanton (Stanton), but Tobey was allegedly arrested and transported to Florida before the date of the PTR

hearing in Illinois.

Tobey claims that while in detention in Florida he was forced to sign the Behavioral Agreement. According to Tobey, the judge in his Florida case then determined that the court in his Illinois case should have the first opportunity to address probation violations and ordered Tobey returned to Illinois. Tobey was then allegedly returned to Illinois.

Tobey further alleges that after he returned to Illinois and was released, Chibucos harassed him by restricting his visitation privileges and Stanton filed another PTR. Tobey includes in his complaint illegal arrest and detention due process claims brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), Section 1983 due process claims based upon alleged threats (Count II), Section 1983 supervisory liability claims (Count III), state law malicious prosecution claims (Count IV), intentional infliction of emotional distress claims (Count V), and state law conspiracy claims (Count VI). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.

2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that Tobey has failed to allege sufficient facts to state any valid Section 1983 claim and that certain Defendants are protected by immunity.

I. Section 1983 Illegal Arrest and Detention Claims (Count I)

Defendants argue that the Section 1983 illegal arrest and detention claims are untimely and that Tobey has failed to allege facts to state valid claims.

4

A. Timeliness of Claims

Defendants contend that Tobey failed to bring his Section 1983 illegal arrest and detention claims within the statute of limitations period. For Section 1983 claims brought in Illinois, the statute of limitations period is two years. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015)(stating that "[t]he limitations period for § 1983 claims is based in state law, and the statute of limitations for § 1983 actions in Illinois is two years"); *Farley v. Koepp*, 788 F.3d 681, 684 n.2 (7th Cir. 2015)(explaining that "[t]he statute of limitations for claims brought under 42 U.S.C. § 1983 is the limitations period for analogous personal-injury claims in the forum state"). In the instant action, Tobey alleges that he was arrested on April 15, 2013 in Chibucos's office. (Compl. Par. 44-45). Tobey indicates in his complaint that his illegal detention claims are based on the time he spent afterwards in Florida detention facilities. (Compl. Par. 69). Tobey indicates in his complaint that he was released from such facilities in August 2013. (Compl. Par. 64);(D Ex. H). Tobey did not file the instant action until April 1, 2016, which was much more than two years after he was arrested and after his detention in Florida had concluded. Thus, Tobey's Section 1983 illegal arrest and detention claims were brought well after the limitations period expired. Nor has Tobey alleged facts that would suggest the equitable tolling doctrines are applicable in this case.

Tobey argues that he is not required to address affirmative defenses in his complaint and that it is premature at the motion to dismiss stage to address the statute

5

of limitations issue. However, a district court can dismiss a claim pursuant to Rule 12(b)(6) based on "statute-of-limitations grounds . . . if the claim is indisputably time-barred." *Rosado v. Gonzalez*, 2016 WL 4207961, at *1 (7th Cir. 2016). In the instant action, Tobey's own allegations indicate that he should have been well aware of all necessary information in order to bring a claim for a constitutional violation based on his arrest and detention in Florida long before the statute of limitations expired. The facts relating to the statute of limitations issue are contained in Tobey's own pleadings and exhibits and there are no facts that would suggest that the claims are timely. Thus, the Section 1983 illegal arrest and detention claims are untimely.

### B. Sufficiency of Allegations

Defendants argue that even if the Section 1983 illegal arrest and detention claims were timely, Tobey has failed to allege sufficient facts to state such claims. Tobey asserts that Defendants' motion should not be granted "unless it appears beyond doubt that the plaintiff cannot provide any facts that would support his claim for relief." (Resp. 5). Tobey, however, relies upon a 1989 case which is outdated law. The federal pleading standard is not so broad and that portion of the standard was vacated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Tobey contends that he was wrongfully arrested on April 15, 2013, and was then transported to Florida on April 21, 2013 and detained in Florida. (Compl. Par. 44-45, 49). Tobey alleges that he was "arrested by two Sheriff's Deputies." (Compl.

6

Par. 45). However, there are no allegations that would suggest that Stanton or Chibucos or any Defendants named in this action were judicial officers that had legal authority to order the arrest of Tobey or took part in arresting Tobey. Nor has Tobey alleged the existence of any warrant for arrest by the Illinois court that was procured by Stanton or any Defendant. The public record indicates that a warrant was not issued in an Illinois court until May 3, 2013, after Tobey was transported to Florida. (D Ex. U). In addition, the public record shows that an arrest warrant was issued by a Florida judge on April 18, 2013, prior to April 21, 2013, when Tobey claims to have been transported to Florida. (Compl. Par. 49); (D Ex. M). *See Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1097 (7th Cir. 2015)(indicating that generally, a court can "take judicial notice of public records not attached to the complaint in ruling on a motion to dismiss under Rule 12(b)(6)"). The pleadings thus suggest that Tobey was transported pursuant to the Florida court order. The court also notes that although the court does not resolve factual issues at the pleadings stage, Tobey's allegations that he was arrested on April 15, 2013, and transported to Florida on April 21, 2013, are inconsistent with the public court records. The records indicate that Tobey was arrested on April 22, 2013, and was present in Illinois at a court hearing on that date, a day after the date he claims to have been transported to Florida. (D Ex. O).

    Tobey also contends that he suffered harsh conditions during his transportation to Florida. However, Tobey's own allegations indicate he was being transported pursuant to a Florida court order. No allegations suggest that any

7

Defendant had any part in the order or any involvement in the conditions of his transportation to Florida. Tobey also claims that he was detained in Florida for over 106 days without ever appearing before a judge. (Compl. Par. 69); (Resp. 6). However, Tobey's own allegations indicate that he was being held in a Florida detention facility pursuant to a Florida court order. There are no facts that would suggest that any Defendants were legally responsible for Tobey's detention in Florida or controlled the terms of his confinement or the Florida court proceedings. Tobey in fact acknowledges in his own allegations that it was a Florida court that allegedly decided that Tobey should be released from detention in Florida and returned to Illinois. (Compl. Par. 67).

Tobey questions the authenticity of Defendant's exhibit which contains the Florida court arrest warrant. (Resp. 9). The warrant is part of the public record and Tobey provides no legitimate basis to challenge the authenticity of the exhibit and his objection is frivolous. Tobey alleges no facts that would suggest that any of the named Defendants issued that arrest warrant or played any role in obtaining the warrant. Thus, Tobey has failed to allege that any named Defendants were involved in his arrest, transportation to Florida, or subsequent detention in Florida and Tobey has failed to state valid Section 1983 illegal arrest and detention claims. Therefore, Defendants' motion to dismiss the Section 1983 illegal arrest and detention claims is granted.

II. Section 1983 Due Process Claims (Count II)

Defendants argue that Tobey has failed to state a valid Section 1983 due process claim. A plaintiff can bring a Section 1983 substantive due process claim if he can show that "police behavior that shocks the conscience, including conscience-shocking interrogation tactics." *Cairel v. Alderden*, 821 F.3d 823, 833 (7th Cir. 2016). As indicated above, there is no indication in the allegations that any Defendants in this case ordered the warrant for Tobey's arrest, or procured that warrant from a judicial officer. Nor is there any indication that any Defendants participated in the interrogation of Tobey while in custody. Tobey indicates in his complaint that his due process claims are based on alleged threats by Chibucos in March 2014, and later. (Compl. 18); (Compl Par. 71). Tobey alleges that Chibucos threatened to have Tobey transported back to Florida if Tobey's minor granddaughter visited him and that Chibucos refused to allow him to visit friends in other states. (Compl Par. 110, 109). Even when accepting Tobey's allegations as true, the alleged conduct on the part of Chibucos and Stanton did not rise to the level of a constitutional violation.

In regard to procedural due process, Tobey's allegations indicate that he has been represented by counsel throughout his criminal matters in Illinois and Florida and subsequent probation. There is nothing to suggest that if Tobey had any concerns with his visitation privileges, Tobey would not have been able to request a hearing before the Illinois judge and/or would not have been represented by counsel. To the extent that Tobey seeks to challenge the due process provided at the time of

9

his arrest and transport to Florida pursuant to the Florida court order, Tobey has not shown that any of Defendants had any legal role in such matters. For example, Tobey contends that there was a "lack of process for holding [Tobey] in Florida. . . ." (Resp. 2). Tobey has not, however, explained how Stanton, an ASA in Illinois, and Chibucos, a probation officer in Illinois, had control over Tobey's release from a Florida detention after arrest on a Florida court order. Also, the public record shows that in the IC Agreement signed by Tobey he waived any objection to extradition to Florida when he requested that his probation monitoring be transferred to Illinois. (D Ex. E). Therefore, Defendants' motion to dismiss the Section 1983 due process claims is granted.

III. Supervisory Liability Claims (Count III)

Defendants argue that Tobey has not alleged sufficient facts to state valid Section 1983 supervisory liability claims. A plaintiff bringing a Section 1983 cannot hold a supervisor liable under the doctrine of *respondeat superior* "for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)(internal quotations omitted)(quoting *Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 471 (7th Cir. 1997))(stating that "[s]upervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it" and that "[t]he supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see").

In the instant action, Tobey does not name as Defendants any specific supervisors of any Defendants. Tobey offers nothing more than his pure conclusory speculation that Stanton's and Chibucos's "supervisors had to approve" their actions and that supervisors failed to train or supervise their subordinates. (Compl Par. 47, 122). Tobey has thus failed to allege facts that would suggest any supervisory liability in this case. Therefore, Defendants' motion to dismiss the Section 1983 supervisory liability claims is granted.

IV. Immunity

Defendants argue that Stanton and Chibucos are protected by immunity. Tobey contends that Chibucos filed certain memorandums in the Illinois court and that Stanton made certain filings such as PTRs. (Resp. 4). A prosecutor is "absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial. . . ." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016)(stating that " this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process"); *see also Edwards v. Pentangelo*, 2012 WL 2565842, at *5 (N.D. Ill. 2012)(stating that "the Seventh Circuit has recognized that certain actions of probation officers deserve absolute immunity, including conduct that is analogous to acts undertaken by judges . . ., integrally related to the judicial process . . ., or prosecutorial in nature").
Tobey contends that certain filings in court by Stanton and Chibucos violated his constitutional rights. Tobey, however, has not alleged any conduct on the part of

11

Stanton or Chibucos that would fall outside the scope of their immunity. Tobey does not even allege that the basis for certain documents such as one of the PTR were untrue. Thus, to the extent that Tobey could allege facts to suggest that Stanton and Chibucos might have violated his constitutional rights, they would be protected by immunity. Even if not protected by absolute immunity, the record indicates that Stanton and Chibucos would be protected by qualified immunity and immune to the federal claims presented in this case.

V.  Remaining State-Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th

Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted, and the remaining state law claims are dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 1, 2016